Mark A. Weisbart
Texas Bar No. 21102650
James S. Brouner
Texas Bar No. 0308725
The Law Offices of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-3694 Phone
(972) 628-3687 Fax
weisbartm@earthlink.net
brounerj@earthlink.net

COUNSEL FOR CHAPTER 11 TRUSTEE
AND FOR AMERICAN ACCESSORIES HOLDINGS, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>AMERICAN ACCESSORIES, INC.<br><br><div align="center">Debtor</div> | Case No. 10-40723<br>Chapter 11 |
| IN RE:<br><br>AMERICAN ACCESSORIES HOLDINGS, L.P.<br><br><div align="center">Debtor</div> | Case No. 10-43534<br>Chapter 11 |

## AGREED MOTION FOR APPROVAL OF SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO 11 U.S.C. § 363

**NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/ APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

## REQUEST FOR EXHIBITS

If your copy of this Motion does not contain Exhibit A-Real Estate Contract or Exhibit B-Asset Purchase Agreement and you wish to have a copy of these documents, please contact Tarah Simmons at 12770 Coit Road, Suite 541, Dallas, Texas 75251, (972) 628-3690 phone, (972) 628-3687 fax or tarah_simmons@earthlink.net and a copy will be sent to you in the most expedient means possible including electronic or telephonic transmission.


TO THE HONORABLE BRENDA T. RHOADES, CHIEF U.S. BANKRUPTCY JUDGE:

Mark A. Weisbart, Chapter 11 Trustee for American Accessories, Inc. (the "Trustee") which is also the general partner of American Accessories Holdings, L.P., files this Agreed Motion for Approval of Sale of Substantially all of the Estate's Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to 11 U.S.C. § 363 (the "Motion") and respectfully states the following:

## I.     Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C.§ 1334(b).  This proceeding is core pursuant to 28 U.S.C. § 157(b)(2).  Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) because this is a proceeding arising in, arising under, or related to the above-captioned bankruptcy case.

## II.     Factual and Procedural Background

### A.     The Debtors' Bankruptcy Cases

2.      On March 2, 2010 (the "Petition Date"), American Accessories, Inc. ("AAI") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On April 22, 2010, the Office of the United States Trustee appointed the Trustee as chapter 11 trustee for AAI's estate.  To date, no official committee of unsecured creditors has been formed.

Agreed Motion for Approval of Sale of Substantially all of the Estate's Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to 11 U.S.C. § 363

Page 2

3.      For the reasons discussed in further detail below, on October 12, 2010, the Trustee filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on behalf of American Accessories Holdings, LP ("Holdings" and, collectively with AAI, the "Debtors").  This Motion is being filed contemporaneously in both cases.

### B.      The Debtor's Prepetition Secured Indebtedness to ANBT

4.      Prior to the Petition Date, ANBT extended two loans to the Debtors (the "Loans"). The Loans are evidenced by (a) that certain Note dated January 28, 2005, in the original principal sum of $1,655,000.00, payable to the order of Citizens National Bank, the predecessor-in-interest to ANBT (as amended, restated or otherwise modified from time to time, "Note 1"), and (b) that certain Promissory Note dated January 19, 2008, in the original principal sum of $249,025.00, payable to the order of Citizens National Bank, the predecessor-in-interest to ANBT (as amended, restated or otherwise modified from time to time, "Note 2" and, collectively with Note 1, the "Notes").

5.      The Debtors' payment and performance of their obligations arising under Note 1 are secured by (a) that certain Deed of Trust, Security Agreement and Assignment of Rents and Leases (the "Deed of Trust") dated as of January 28, 2005, covering certain real estate located in Grayson County, Texas, together with certain improvements located thereon and certain personal property, as further described in the Deed of Trust (the "Real Estate"),[1] and (b) that certain Security Agreement ("Security Agreement 1") dated January 28, 2005, covering the personal property described therein.  The Debtors' payment and performance of their obligations arising under Note 2 are secured by that certain Security Agreement ("Security Agreement 2" and, collectively with the Notes, Deed of Trust, Security Agreement 1 and certain other loan and

---

[1] Holdings is the owner of the Real Estate.

security documents related to the foregoing, the "Loan Documents") dated January 19, 2008, covering the personal property described therein. Pursuant to the Deed of Trust and Security Agreements 1 and 2, the Debtors pledged, assigned and granted to ANBT first priority liens and security interests in substantially all of the Debtors' assets (as more particularly described in the Deed of Trust and Security Agreements, the "Collateral") as well as all cash proceeds of those assets (the "Cash Collateral," as that term is used in 11 U.S.C. § 363(a)).

6.     ANBT is the current owner and holder of the Notes and the current beneficiary under the Deed of Trust and Security Agreements 1 and 2. By recording the Deed of Trust in the real property records of Grayson County, Texas and filing certain UCC-1 financing statements, ANBT properly perfected its liens and security interests in the Collateral. Pursuant to the *Agreed Final Order (I) Authorizing Trustee's Use of Cash Collateral and (II) Granting Adequate Protection* entered on August 6, 2010, the Trustee, on behalf of himself and the Debtors' estates, has stipulated that ANBT's liens in the Collateral are valid, binding, enforceable and perfected first priority liens.

### C.     Facts Specific to the Proposed Asset Sale

7.     Since his appointment in March, the Trustee has investigated various alternatives to maximize value to the estate in this case. The Trustee has determined, in his business judgment, that the best way to maximize value to the estate in this case is to sell substantially all of the Debtors' assets to a cash purchaser. The Trustee has received purchase inquiries and/or offers from several interested parties, and has identified what the Trustee considers to be the highest and best offer for the Debtors' business.

8.     On October 12, 2010, the Trustee, on behalf of the bankruptcy estates, entered into that certain Real Estate Contract with John Munson ("Munson") and the Asset Purchase

Agreement ("APA") with Martha Powdrill ("Powdrill") (the "Purchasers"). Pursuant to the Real Estate Contact and APA, the Trustee, on behalf of the Debtors, has agreed to sell, and Purchasers have agreed to buy, substantially all of the Debtors' assets, including the Collateral (as such assets are more particularly described in the Real Estate Contract and the APA, the "Sale Assets"), for a purchase price of $525,000.00 (the "Purchase Price"). A true and correct copy of the Real Estate Contract and the APA is attached hereto as **Exhibit A and B** respectively, except as described below. Under this sale Holdings and Trustee are not selling any claims or causes of action of their respective estates, including Chapter 5 avoidance actions.

9. During the approximately four (4) months that the Trustee has operated the Debtors' business, the Trustee has not received any higher and/or better offers for the Sale Assets than the Purchase Price. Accordingly, the trustee believes that the Purchaser's offer for the Debtors' business is fair and reasonable and that the proposed sale is in the best interest of the Debtors' estates and creditors.

## D. Agreement With ANBT

10. The proposed sale to Purchaser contemplates a sale of substantially all of the Debtors' assets, including the Real Estate. Because Holdings is the holder of title to the Real Estate, it was necessary to file Holdings in order to effectuate the sale under section 363 of the Bankruptcy Code. In conjunction with the sale, Holdings is also assigning a potential uncollectible claim against AAI for rent.

11. As set forth above, ANBT holds properly perfected liens in all of the Sale Assets. Although ANBT's secured claims against the Debtors substantially exceed the amount of the Purchase Price, ANBT will consent to the proposed sale on the following terms: at closing, ANBT shall receive a distribution of net sale proceeds (i.e. net of, among other things, all administrative

costs, including sales commissions) equal to $525,000.00 (the "Consideration"), provided, however, that the Consideration may be reduced by (i) ad valorem property taxes due through closing of the sale; (ii) reasonable closing costs; and (iii) accrued but unpaid US Trustee fees due as of the sale closing. ANBT shall retain an allowed, general unsecured claim against the Debtors for any deficiency. Upon payment, or as soon as reasonably possible thereafter, ANBT shall release all of its liens against the Sale Assets, including the Real Estate. As part of the APA, Buyer agrees to assume and pay the administrative costs incurred by the estate up to $80,000.00.

### III.  Relief Requested

12.  By this Motion, the Trustee requests that the Court approve (i) the Trustee's sale of substantially all of the Debtors' assets outside the ordinary course of business and free and clear of all liens, claims, encumbrances, and other interests under section 363 of the Bankruptcy Code, with all valid liens, claims, encumbrances, and interests, if any, attaching to the proceeds of the sale; (ii) the waiver of any automatic stay of an order granting this Motion; and (iii) all other relief requested herein.

### IV.  Grounds for Relief

13.  In exercising his business judgment, the Trustee has determined that the sale of the Debtors' business to Purchaser, in accordance with the terms of the APA, is in the best interest of the Debtors' estates and creditors. Accordingly, after notice and a hearing, the Court should approve the sale of the Sale Assets outside the ordinary course of business and free and clear of all liens, claims, encumbrances, and other interests under section 363 of the Bankruptcy Code.

**A.  Sale Outside the Ordinary Course of Business and Free of all Liens, Claims, Encumbrances, and Other Interests Under Section 363 of the Bankruptcy Code**

14.     A trustee may sell property of the estate "other than in the ordinary course of business" with court approval and after notice and a hearing.  11 U.S.C. §363(b)(1).  As recognized by the Fifth Circuit, a trustee is entitled to use his or her business judgment in determining whether to sell assets outside of the ordinary course of business.  *See Institutional Creditors of Cont'l Air Lines Inc. v. Cont'l Air Lines Inc. (In re Cont'l Air Lines Inc.),* 780 F.2d 1223, 1226 (5th Cir. 1986).  Also, a trustee should be allowed to sell property of the estate outside the ordinary course if that sale benefits the estate and its creditors.  *See Four B. Corp. v. Food Barn Stores, Inc.,* 107 F.3d 558, 564-65 (8th Cir. 1997) (reminding courts, when faced with bankruptcy sales, to be mindful of "the ubiquitous desire of the unsecured creditors" and that one of the "primary objective[s] of the Code, [is] to enhance the value of the estate at hand"); *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.,* 147 B.R. 650, 659 (S.D.N.Y. 1992) (explaining that "[i]t is a well-established principle of bankruptcy law that the objective of bankruptcy sales and the Debtor's duty with respect to such sales is to obtain the highest price or overall greatest benefit possible for the estate" (quoting *In re Atlanta Packaging Prod., Inc.,* 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988)).  Therefore, courts should approve a sale outside the ordinary course of business where, as here, the trustee exercises his sound business judgment in selling property of the estate outside the ordinary course of business and such sale will benefit the estate and its creditors.

15.     Additionally, a trustee may sell property of the estate outside of the ordinary course of business and free and clear of any interest in such property of an entity other than the estate if:

(a)     applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(b)     such entity consents;

(c)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(d)     such interest is in bona fide dispute; or

(e)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

16.     The proposed sale of the Sale Assets to Purchasers meets the requirements of section 363 of the Bankruptcy Code.  First, the Trustee believes that the sale of the Debtors' business to Purchasers will benefit the Debtors' estates and creditors.  The Trustee submits that the Purchase Prices is fair market value for the sale assets.  Moreover, the Trustee's efforts to sell the Debtors' business to date confirm the Trustee's belief that the Purchase Price is the highest and best price available at this time.  Therefore, because the sale of the Sale Assets to Purchasers will yield an amount at least equal to the fair market value of the Sale Assets, the proposed sale will benefit these estates and their creditors.

17.     The sale of the Debtors' business to Purchasers, under the terms and conditions of the Real Estate Contract and the APA, is an exercise of sound business judgment by the Trustee for several reasons.  The Sale Assets have been adequately exposed to the market for a reasonable period of time.  Additionally, the Purchase Price is fair and reasonable under the present circumstances, especially considering (i) the current economy (i.e. generally decreasing business and real estate values); (ii) the depressed market for equipment assets, like those owned by the Debtors; and (iii) the specific and limited uses of the Sale Assets.

**B.     No Stay of Sale Order**

18.     Due to the estate's burden to continue to pay taxes on and operate the Debtors' business pending consummation of the sale, time is of the essence to effectuate the proposed sale.  Accordingly, pursuant to Rule 6004(g) of the Federal Rules of Bankruptcy Procedure, the Trustee requests that the Court (i) waive the fourteen-day automatic stay of any final order granting this

Motion and (ii) order that the relief requested in this Motion may be immediately available upon the entry of an order approving the sale of the Debtors' business to Purchaser.

### C. Good Faith Purchaser

19.     The Real Estate Contract and the APA is the product of good faith, arms' length negotiations between the Trustee and Purchasers and their respective representatives. Accordingly, the Trustee requests that the Court find that Purchasers are a "good faith purchaser" under section 363(m) of the Bankruptcy Code and that Purchasers are entitled to all the benefits and protections of a good faith purchaser under section 363(m) of the Bankruptcy Code.

## V.     Prayer

**WHEREFORE, PREMISES CONSIDERED,** the Trustee respectfully requests that the Court enter an order: (i) granting this Motion; (ii) approving the sale of the Sale Assets to Purchasers in accordance with the APA; (iii) authorizing such sale free and clear of all liens, claims, interests, and encumbrances; (iv) attaching any and all liens, claims, interests, and encumbrances that may exist with respect to the Sale Assets to the proceeds of the sale, with the same validity, priority, and extent as previously existed; (v) finding that Purchasers are good-faith purchasers within the meaning of section 363(m) of the Bankruptcy Code and are entitled to the maximum protections thereunder; (vi) waiving any automatic stay of an order granting this Motion; and (vii) granting the Trustee such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
James S. Brouner
Texas Bar No. 03087285
The Law Offices of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-3694 Phone
(972) 628-3687 Fax
weisbartm@earthlink.net
brounerj@earthlink.net

COUNSEL FOR CHAPTER 11 TRUSTEE
AND FOR AMERICAN ACCESSORIES
HOLDINGS, L.P.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the parties listed below as well as on the attached mailing matrix either through the court's electronic notification system as permitted by Appendix 5005 to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid this 12th day of October, 2010.

Office of the U.S. Trustee
110 N. College Ave. Suite 300
Tyler, TX 75702

American Express
300 South Riverside 9th Floor
Chicago, IL 60606

Arborite
385 Lafleur
Lasalle Quebec, Canada
H8R3H7

FedEx Custom Critical
P. O. Box 371627
Pittsburgh, PA 15251

American Accessories, Inc.
2605 State Hwy 91 North
Denison, TX 75020

Matthew Thomas Ferris
Winstead
5400 Renaissance Tower,
1201 Elm Street
Dallas, TX 75270

Con-Way Freight
4836 Brecksville Rd.
Richfield, OH 44286

FedEx Freight
4103 Collection Center Dr.
Chicago, IL 60693

Anthony Reed
The Reed Law Group, PLLC
1207 Hampshire Lane, Ste
101
Richardson, TX 75080

American National Bank of Texas
102 West Moore Ave.
Terrell, TX 75160-0040

Dayco Industries
c/o Craig Luffy
2626 Cole Ave., Ste 510
Dallas, TX 75204

Laurie Spindler Huffman
Linebarger, Goggan, Blair & Sampson
2323 Bryan St., Suite 1600
Dallas, TX 75201

Gulf Coast Sales Associates, LLC
David and Cheryl Tribou
2217 Harwood Road
Bedford, TX 76021

Mercer Metals
9208 Chancellor Row
Dallas, TX 75247

Susan B. Hersh
Susan B. Hersh, P.C.
12770 Coit Road Suite 1100
Dallas, TX 75251

SAIA Freight Lines, Inc.
P. O. Box 730532
Dallas, TX 75373

Wells Fargo Financial Leasing
P. O. Box 7777
San Francisco, CA 94120

Illinois Lock Company
P. O. Box 9068
Wheeling, IL 60090

Partitions and Accessories
Company
1220 South Pasadena
Mesa, AZ 85210

John Ramsey
Tax Accessor Collector
100 W. Houston, Ste 11
P. O. Box 2107
Sherman, TX 75091

Saniflow Corporation
12800 NW 38th Ave.
Miami, FL 33054

YRC, Inc.
10990 Roe Ave.
Overland Park, KS 66211

J. W. Fox Sales Company
150 CR 2136
Quitman, TX 75783

James D. Payne
3714 West Pioneer Drive
Lot 23
Irving, TX 75061

Reliance Fasteners
115 East Gandy
Denison, TX 75020

Southeastern Freight Lines
P. O. Box 1691
Columbia, SC 29202

/s/ Mark A. Weisbart
Mark A. Weisbart

Label Matrix for local noticing
0540-4
Case 10-43534
Eastern District of Texas
Sherman
Tue Oct 12 09:49:18 CDT 2010

American Accessories Holdings, L.P.
Mark Weisbart, Trustee for
American Accessories, Inc., G.P.
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

American Mutual Bank
c/o Matt Ferris
Winstead, P.C.
1201 Elm St, Suite 5400
Dallas TX 75270-2199

David & Cheryl Tribou
c/o Mark Blenden
Blenden Roth Law Firm
PO Box 560326
Dallas TX 75356-0326

Gulf Coast Sales Associates LLC
c/o Mark Blenden
Blenden Roth Law Firm
PO Box 560326
Dallas TX 75356-0326

Michael Bernstein
1301 Northwest Highway #204
Garland TX 75041-5896

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

Mark A. Weisbart
The Law Offices of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

End of Label Matrix
Mailable recipients        8
Bypassed recipients        0
Total                      8